IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **CYNTHIA LEE BUCKERY**, | : | Chapter 13 |
| Debtor, | : | Case No. **5:19-bk-02041** |
| Debtor, | : | |
| | | |
| **CYNTHIA LEE BUCKERY**, | : | |
| Objector, | : | Objection to |
| v. | : | Proof of Claim |
| **U.S. BANK TRUST, N.A.**, Trustee for the | : | |
| PRP II Pals, | : | |
| Claimant. | : | |

## OBJECTION TO PROOF OF CLAIM NO. 4 OF US BANK TRUST

AND COMES NOW Debtor **CYNTHIA LEE BUCKERY**, by and through his attorneys, FISHER CHRISTMAN, with Objection to Proof of Claim No. 4 of **U.S. BANK TRUST, N.A.**, Trustee for the PRP II Pals**,** and in support thereof, aver as follows:

1. Debtor **CYNTHIA LEE BUCKERY** ("Debtor") filed the instant Bankruptcy Case on May 10, 2019.

2. Claimant Objection to Proof of Claim No. 4 of **U.S. BANK TRUST, N.A.**, Trustee for the PRP II Pals ("Claimant") filed Proof of Claim No. 4 ("the Claim") on June 18, 2019, in the amount of $ 166,067.80, with arrears of $54,512.79. A true and correct copy of Proof of Claim No. 4 is filed with this Objection and incorporated herein by reference as if set out at length.

3. The Claim fails to properly attach a properly completed Mortgage Proof of Claim Attachment, instead opting to use a deceptively similar form that does not contain the clear and concise information required by Office Form 410A, most notably the lack of a "Funds Received" Column and a "Principal, interest and escrow past due" column.

4. The Claim concedes a receipt from Debtor in the amount of $41,860.78 on June 2, 2017. See Proof of Claim No. 4, Part 2/Exhibit at 6.

5. The Claim indicates first a positive "$41,860.78", then a negative "($41,860.78) in the "Trans. Amt." column, which is not a column on Official Form 410A. See Proof of Claim No. 4, Part 2/Exhibit at 6. Compare with Proof of Claim No. 4, Part 2/Exhibit at 1(which demonstrates the correct columns for Official Form 410A.

6. The Claim also indicates first a positive "$41,860.78", then a negative "($41,860.78) in the "Unapplied Amount" column, which is not a column on Official Form 410A. See Proof of Claim No. 4, Part 2/Exhibit at 6.

7. The Claim also indicates a positive "$41,860.78"in the "Unapplied Balance" column, which is akin to the "Unapplied Funds" column on Official Form 410A, with the glaring and deceptive difference that the "Unapplied Balance" column is not totaled at the bottom and subtracted from the amounts of the Claim or the arrears. See Proof of Claim No. 4, Part 2/Exhibit at 11.

8. The Claim is objectionable because of the failure to utilize Official Form 410A. Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(C).

9. As such Claimant is subject to sanctions, such as being precluded from presenting evidence and/or reasonable attorneys' fees and expenses. FRBP 3001(c)(2)(D).

10. The Claim is objectionable because of the failure to credit either the amount of the Claim or the amount of arrears by the $41,860.78 payment received on or about June 2, 2017.

11. The $41,860.78 was paid via cashier's check, which was cashed and which Debtor could present as evidence if Claimant disputes the conceded receipt.

12. Debtor filed a prior Chapter 13 Bankruptcy Case on August 2, 2010, docketed with this Court as 5:10-bk-06351, which resulted in a Notice of Final Cure being issued to Claimant and/or Claimant's predecessor in interest on May 22, 2015.

13. No Response to the Notice of Final Cure was filed.

14. The Claim indicates a first "Effective Date" of August 1, 2015, but a related "Due Date" of August 1, 2013. See Proof of Claim No. 4, Part 2/Exhibit at 3.

15. The Claim appears to apply a small portion of the $41,860.78 to the amount due from August 1, 2013, through the December 1, 2015 payments. See Proof of Claim No. 4, Part 2/Exhibit at 6-7.

16. While the Claim fails to meaningfully utilize the "Due Date" column, it does not appear as if the Claim uses the June 1, 2015 payment as the first payment due on the Claim, which would be legally required due to the failure to respond to the Notice of Final Cure issued in Debtor's prior Chapter 13 Bankruptcy Case.

17. If the only error is the misapplication of the of the June 2, 2017 payment of $41,860.78 to periods from August 1, 2013 through December 1, 2015 payments, instead of application of those funds to the June 1, 2015, through the October 1, 2017 payments, the credit to be applied to the balance due and the arrears could be as low as $28,633.35 (twenty-two (22) payment of $1,290.09 and five late fees of $46.33, providing a claim of $137,434.45, and an arrears amount of $25,879.44. (This assumes that legal fees and foreclosure costs incurred during that were appropriate.)

WHEREFORE, Debtor **CYNTHIA LEE BUCKERY** prays this Honorable Court for an Order that SUSTAINS this Objection to Proof of Claim No. 4 of **U.S. BANK TRUST, N.A.**, Trustee for the PRP II Pals**,** Reduces Proof of Claim No. 4 in amount, and the amount of the arrears, by $41,860.78, to an amount of $124,207.02, and an arrears amount of $12,652.0.1, appropriate sanctions pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(D), and for such other and further relief as the Honorable Court deems just and appropriate.

                                    **FISHER CHRISTMAN**

                    By: /s/ J. Zac Christman
                        J. Zac Christman, Esquire
                        Attorney for Debtor(s)
                        530 Main Street
                        Stroudsburg, PA 18360
                        (570) 234-3960; fax (570) 234-3975
                        zac@fisherchristman.com