# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **CYNTHIA LEE BUCKERY,** | : | Chapter 13 |
| Debtor, | : | Case No. **5:19-bk-02041** |
| | | |
| **U.S. BANK, N.A.,** as trustee of the PRP II Pals Investment Trust, | : : | |
| Movant, | : | **Motion for** |
| v. | : | **Relief from Stay** |
| **CYNTHIA LEE BUCKERY** and | : | |
| Charles J. DeHart, III, Chapter 13 Trustee, | : | |
| Respondent, | : | |

## ANSWER TO MOTION OF
## US BANK FOR RELIEF FROM STAY

AND NOW COMES Debtor(s) **CYNTHIA LEE BUCKERY**, by and through their attorneys, FISHER CHRISTMAN, and in Answer to the Motion of **US BANK** for Relief from Stay aver:

1. Admitted.

2. Admitted.

3. Denied to the extent the document(s) referenced do(es) not speak for itself(themselves.).

4. Denied. Debtor previously advised Counsel for Debtor that mortgage payments had been tendered to Movant. Counsel for Debtor relies on prior representations of Debtor due to an inability to communicate with Debtor.

5. Admitted.

6. Denied. See response to paragraph 4, above.

7. Admitted.

8. Admitted.

9. Denied to the extent the averments of paragraph 9 constitute other than a statement or conclusion of law or misplaced request for relief. See response to paragraph 4, above. The payments Movant concedes were made, combined with the small equity buffer and funds in the hand of the Trustee provide adequate protection. Debtor is current on her Plan payments and the Trustee has approximately $6,000 on hand, from which the Trustee's commission has already be deducted. Further, as Debtor's residence, the property is necessary for an effective reorganization.

10. Denied to the extent the averments of paragraph 10 constitute other than a statement or conclusion of law or misplaced request for relief. Further, see responses to paragraphs 4 and 9, above.

11. Denied. Debtor lacks sufficient information and belief to Admit or Deny whether Movant incurred attorneys' fees and cost and such is therefore Denied.

12. Denied to the extent the averments of paragraph 11 constitute other than a statement or conclusion of law or misplaced request for relief.

13. Admitted.

WHEREFORE, Debtor **CYNTHIA LEE BUCKERY** respectfully prays this Honorable Court for an Order than the Motion of **US BANK** for Relief from Stay be Denied, or in the alternative for entry of an adequate protection order conditioning the automatic stay on future payments sufficient to provide adequate protection, and for such other and further relief as the Honorable Court deems just and appropriate.

Respectfully Submitted,
FISHER & CHRISTMAN

By: /s/ J. Zac Christman
J. Zac Christman, Esquire
Attorney for Debtor(s)
530 Main Street
Stroudsburg, PA 18360
(570) 234-3960, fax: (570) 234-3965
zac@fisherchristman.com